NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-4704

———————

UNITED STATES OF AMERICA

v.

IBRAHIM FOFANA
a/k/a Issiajh Bah

Ibrahim Fofana,
Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00662-001)
District Judge: Honorable Petrese B. Tucker

———————

Submitted Under Third Circuit LAR 34.1(a)
March 19, 2012

Before: RENDELL, FISHER and CHAGARES, Circuit Judges

(Opinion Filed: March 29, 2012)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

Defendant Ibrahim Fofana challenges the 124-month term of imprisonment to

which he was sentenced after pleading guilty. Despite Fofana's arguments to the

contrary, however, the sentence imposed by the District Court is both procedurally and substantively reasonable. Accordingly, we will affirm.

## I.

We write principally for the benefit of the parties and therefore recount only the essential facts and procedural history.

A grand jury returned a twelve-count indictment against Fofana for his involvement in a scheme to acquire and use hundreds of stolen credit and debit card account numbers. Before trial, Fofana pleaded guilty to ten of the twelve charges in the indictment, including access device fraud and aggravated identity theft. The presentence investigation report prepared on Fofana set his Sentencing Guidelines range at 124-269 months.[1]

Fofana raised several objections to the report's sentencing calculation and asked the District Court for a variance from the Sentencing Guidelines range. After considering the parties' written and oral arguments, the District Court denied Fofana's requests. The District Court sentenced Fofana to the shortest term of imprisonment within the Sentencing Guidelines range, 124 months.

---

[1] A total offense level of 24 and criminal history category of VI yielded an initial range of 100-125 months. However, a two-year mandatory minimum sentence applied to each of Fofana's six aggravated identity theft convictions. Under 18 U.S.C. § 1028A(b)(4), the District Court had discretion to decide whether the minimum sentences should run consecutively or concurrently, hence the final range of 124-269 months.

The instant appeal followed.[2]

II.

Appellate review of a criminal sentence proceeds in two stages, both of which are governed by an abuse-of-discretion standard. First, we ensure "that the district court committed no significant procedural error." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). We then consider the sentence's substantive reasonableness. *Id.* "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Despite characterizing his argument as one of both procedural and substantive unreasonableness, we read Fofana's brief to principally challenge the former. Specifically, Fofana contends that the District Court failed to adequately explain its rejection of his arguments for a lower sentence. The record, however, demonstrates that the District Court responded to each of Fofana's arguments for a sentence different than that set forth in the presentence investigation report. Though short, the District Court's explanations were legally sufficient because they evidence its reasoned consideration of Fofana's arguments. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments . . . . Sometimes the circumstances will call for a brief explanation . . . ."). The District Court proceeded to acknowledge the factors that it must

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

evaluate before arriving at a sentence and then deemed the bottom of the Sentencing Guidelines range "appropriate" for Fofana.  Similarly concise records have satisfied the United States Supreme Court of a sentence's procedural reasonableness.  *See id.* at 358-59 (deeming adequate a court's conclusion that a sentence is "appropriate" where "a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments").  We will not require more here.

Having found no procedural error, we have little difficulty finding Fofana's sentence substantively reasonable.  To start, Fofana's failure to present arguments related to substantive unreasonableness – beyond invoking the term – suffices to justify denying the contention because, as the challenger, he bears the burden.  *See Tomko*, 562 F.3d at 567 ("[T]he party challenging the sentence has the burden of demonstrating unreasonableness.").  In any event, though, that the District Court settled on a sentence within the Sentencing Guidelines range through sound procedure independently convinces us of the 124-months term's substantive reasonableness.

III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

4